UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

YOSEPH HUNT,

                              Petitioner,                      **MEMORANDUM & ORDER**
                                                                                 16-CV-4665 (MKB)

           v.

DALE A. ARTUS, *Superintendent of*
*Attica Correctional Facility*,

                              Respondent.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Petitioner Yoseph Hunt, proceeding *pro se* and currently incarcerated at Southport Correctional Facility in Pine City, New York,[1] filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 18, 2016, alleging that he is being held in state custody in violation of his federal constitutional rights.  (Pet. for Writ of Habeas Corpus ("Pet.") 1, Docket Entry No. 1; Am. Pet. for Writ of Habeas Corpus ("Am. Pet.") 2, Docket Entry No. 18.)  Petitioner's claims arise from a judgment of conviction following a jury trial in the Supreme Court of New York State, Kings County, (the "Trial Court") on charges of murder in the second degree and criminal possession of a weapon in the second degree pursuant to New York Penal Law §§ 125.25 and 265.03.  *See People v. Hunt*, 27 N.Y.S.3d 270, 271 (App. Div. 2016).

       In his initial and amended petitions,[2] Petitioner seeks a writ of habeas corpus on the

---

      [1]  Petitioner was previously incarcerated at Attica Correctional Facility in Attica, New York.  (Pet. 1.)  By Letter dated December 3, 2020, Petitioner advised the Court of his new housing address.  (Letter dated Dec. 3, 2020, Docket Entry No. 45.)

      [2]  The Court will decide both the single claim brought in Petitioner's initial petition and

following three grounds: (1) denial of the right to due process as a result of the prosecutors' late disclosure of a prior statement of a witness; (2) ineffective assistance of (a) trial counsel, for moving for a mistrial with prejudice rather than a mistrial without prejudice, and (b) appellate counsel, for failing to argue that trial counsel's mistrial motion constituted ineffective assistance of trial counsel; and (3) ineffective assistance of appellate counsel for filing a facially inadequate brief. (Pet. 6; Am. Pet. 4–8.) For the reasons discussed below, the Court denies the petition.

**I.   Background**

   **a.   Trial**

Prosecutors allege that on August 2, 2010, Petitioner shot Gary Biggs twelve times with a handgun after the mother of Petitioner's children told Petitioner that Biggs seriously injured her during a fight the previous day.[3] (Aff. in Opp'n to Pet. ¶ 4, Docket Entry No. 39.) Petitioner was indicted for one count of second-degree murder and two counts of criminal possession of a weapon in the second degree pursuant to New York Penal Law §§ 125.25 and 265.03. (*Id.* ¶ 5.)

During the trial, prosecutors produced a written statement authored by one of the eyewitnesses to the shooting. (Tr. of Trial Proceedings before the Hon. Guy Mangano dated June 1, 2012 ("Tr."), annexed to Aff. in Opp'n to Pet. as Ex. A, at 757:22–58:8, Docket Entry

---

the two additional claims brought in Petitioner's amended petition, even though the amended petition omits the single claim raised in the initial petition. *See Patel v. Martuscello*, No. 10-CV-5695, 2015 WL 11401853, at *3 n.6 (E.D.N.Y. May 12, 2015) ("[W]hile [the] petitioner does not list all the claims in his amended petition, he refers to the claims raised in the original petition in the amended petition. As [the] petitioner clearly intended to raise all of these claims, the [c]ourt construes the amended petition as also raising all the grounds stated in the original petition."), *report and recommendation adopted*, No. 10-CV-5695, 2016 WL 4223404 (E.D.N.Y. Aug. 9, 2016).

   [3] Because two of Petitioner's claims are procedurally barred and the third concerns only the adequacy of Petitioner's brief before the Appellate Division, adjudication of this case does not depend on the facts adduced at trial. The Court therefore avoids a detailed recitation of the trial evidence.

2

Nos. 39-2–39-7.)  The prosecutor and defense counsel disagreed over whether prosecutors had previously disclosed the written statement to defense counsel during the discovery process.  (Tr. 757:22–59:22, 761:7–67:6, 771:6–20.)  The Trial Court assumed that prosecutors failed to turn over the statement and struck the entirety of the eyewitness' testimony but denied defense counsel's motion for a mistrial.  (Tr. 771:17–20, 823:3–15, 887:24–88:12, 892:6–13.)

On June 6, 2012, Petitioner was convicted of murder in the second degree and criminal possession of a weapon in the second degree.  (Tr. 1073:14–21.)  On July 16, 2012, the Trial Court sentenced Petitioner to concurrent sentences of imprisonment for twenty-five years to life on the murder conviction and for seven years on the weapons possession conviction, followed by five years of post-release supervision.  (Tr. of Sentencing Hr'g dated July 16, 2012, at 53:3–9, Docket Entry No. 39-7.)

### b.  Appeal

Petitioner appealed his convictions to the Supreme Court of New York State, Appellate Division ("Appellate Division").  (Pet'r's App. Div. Br. 27–35, annexed to Aff. in Opp'n to Pet. as Ex. C, Docket Entry No. 39-8.)  He argued that the Trial Court erred by refusing to grant a mistrial as a sanction for prosecutors' failure to turn over the eyewitness' written statement.  (*Id.* at 27–35.)  The Appellate Division rejected this argument.  *Hunt*, 27 N.Y.S. 3d at 271.  First, the Appellate Division held that Petitioner "did not demonstrate that he was entitled to the drastic remedy of a mistrial with prejudice and dismissal of the indictment" because "there was no evidence that [prosecutors] acted deliberately to provoke a mistrial." *Id.*  Second, the Appellate Division noted that "the [Petitioner's] trial counsel made clear, via repeated and unequivocal use of the phrase 'with prejudice,' that [Petitioner's] motion was delimited in this fashion," and held that "[t]o the extent that [Petitioner] now argues that the [Trial] Court should have declared a

3

mistrial without prejudice, that argument is waived since it is inconsistent with the relief requested by [Petitioner] at trial." *Id.* at 271–72. The Court of Appeals denied Petitioner's request for leave to appeal on June 21, 2016. *People v. Hunt*, 27 N.Y.3d 1133 (2016).

### c. Petition for writ of error *coram nobis*

On January 17, 2017, Petitioner, proceeding *pro se*, filed a petition for a writ of error *coram nobis* in the Appellate Division, arguing that he received ineffective assistance of appellate counsel because his assigned appellate counsel failed to make certain arguments on direct appeal concerning the ineffective assistance of trial counsel for failing to challenge a prospective juror, prosecutorial misconduct, judicial bias, jury misconduct, pretrial suppression rulings, and *Sandoval*[4] and *Molineux*[5] rulings. (Pet'r's Pet. for Writ of Error *Coram Nobis* 1–6, annexed to Aff. in Opp'n to Pet. as Ex. E, Docket Entry No. 39-8.) The Appellate Division denied Petitioner's motion, explaining without elaboration that Petitioner had "failed to establish that he was denied the effective assistance of appellate counsel." *People v. Hunt*, 57 N.Y.S.3d 907, 907 (App. Div. 2017). The Court of Appeals denied Petitioner's application for leave to appeal on March 7, 2018. *People v. Hunt*, 31 N.Y.3d 984 (2018).

---

[4] "In New York, 'a [*People v.*] *Sandoval* [34 N.Y.2d 371 (1974)] hearing is held, upon a defendant's request, to determine the extent to which he will be subject to impeachment by cross-examination about prior bad acts if he testifies.'" *Ramos v. Racette*, 726 F.3d 284, 286 n.1 (2d Cir. 2013) (quoting *Grayton v. Ercole*, 691 F.3d 165, 173 (2d Cir. 2012)).

[5] "Pursuant to New York State law, evidence of prior bad acts by a criminal defendant is admissible 'to prove the specific crime charged when it tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan . . . ; [or] (5) the identity of the person charged with the commission of the crime on trial.'" *Gousse v. Superintendent, Wende Corr. Facility*, No. 19-CV-1607, 2020 WL 4369643, at *20 (E.D.N.Y. July 29, 2020) (citing *People v. Molineux*, 168 N.Y. 264, 293 (1901)).

### d. Article 440 motion

On February 26, 2018, Petitioner moved *pro se* before the Trial Court to vacate his convictions pursuant to New York Criminal Procedural Law ("N.Y. Crim Proc. L.") § 440.10. (Pet'r's Aff. in Supp. Art. 440 Mot. at 1–13, annexed to Aff. in Opp'n to Pet. as Ex. H, Docket Entry No. 39-8.) In his motion, Petitioner argued that his trial counsel provided ineffective assistance because, after trial counsel learned about the potential nondisclosure of the eyewitness' written statement, trial counsel failed to move for a mistrial without prejudice in addition to requesting a mistrial with prejudice. (*Id.* at 5–8.) The Trial Court rejected Petitioner's claim, finding that Petitioner failed to bring the claims on direct appeal as required by N.Y. Crim Proc. L. §§ 440.10(2)(c) and (3)(c), and also rejected the claim on the merits. (Decision & Order dated Dec. 3, 2018, at 2–3, annexed to Aff. in Opp'n to Pet. as Ex. J, Docket Entry No. 39-8.) Petitioner did not seek to appeal to the Appellate Division. (Aff. in Opp'n to Pet. ¶ 16.) Petitioner alleges that he intended to seek leave to appeal but prison officials prevented him from doing so. (Pet'r's Letter dated Jan. 9, 2019, at 2; Docket Entry No. 27; Pet'r's Letter dated Jan. 29, 2019, at 1–2, Docket Entry No. 29.)[6]

### e. Federal petition for writ of habeas corpus

Petitioner filed the instant petition for a writ of habeas corpus on August 8, 2016, as well as an amended petition on March 16, 2018. (Pet. 15; Am. Pet. 21.) At Petitioner's request, the Court stayed this action and held it in abeyance between June 22, 2017 and July 22, 2019, so that Petitioner could exhaust his remedies in state court. (Min. Order dated June 22, 2017; Min. Order dated July 22, 2019.) On November 2, 2020, the Court denied Petitioner's motion for an

---

[6] Because Petitioner's letters are not consecutively paginated, the Court refers to the page numbers assigned by the electronic case filing system.

evidentiary hearing, noting that it would revisit Petitioner's request if a review of the record revealed that an evidentiary hearing was necessary. (Order dated Nov. 2, 2020, at 2, Docket Entry No. 44.)

## II. Discussion

### a. Standard of review

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment may only be brought on the grounds that his or her custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petitioner is required to show that the state court decision, having been adjudicated on the merits, is either "contrary to, or involved an unreasonable application of, clearly established Federal law" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Shoop v. Hill*, --- U.S. ---, ---, 139 S. Ct. 504, 406 (2019) (per curiam) ("[H]abeas relief may be granted only if the state court's adjudication 'resulted in a decision that was contrary to, or involved an unreasonable application of,' Supreme Court precedent that was 'clearly established' at the time of the adjudication." (quoting *White v. Woodall*, 572 U.S. 415, 419 (2014))); *Kernan v. Hinojosa*, --- U.S. ---, ---, 136 S. Ct. 1603, 1604 (2016) (per curiam); *Hittson v. Chatman*, 576 U.S. 1028, 1028 (2015); *Woods v. Donald*, 575 U.S. 312, 313 (2015) (per curiam); *Johnson v. Williams*, 568 U.S. 289, 292 (2013). "An 'adjudication on the merits' is one that '(1) disposes of the claim on the merits, and (2) reduces its disposition to judgment.'" *Bell v. Miller*, 500 F.3d 149, 155 (2d Cir. 2007) (quoting *Sellan v. Kuhlman*, 261 F.3d 303, 313 (2d Cir. 2001)); *see also Kernan*, 136 S. Ct. at 1606; *Harrington v. Richter*, 562 U.S. 86, 98 (2011). Under the section 2254(d)

standards, a state court's decision must stand as long as "fair minded jurists could disagree on the correctness of the . . . decision." *Richter*, 562 U.S. at 101 (citation and internal quotation marks omitted).

For the purposes of federal habeas review, "clearly established law" is defined as "the holdings, as opposed to dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *see also Glebe v. Frost*, 574 U.S. 21, 24 (2014) (per curiam) ("As we have repeatedly emphasized, however, circuit precedent does not constitute clearly established [f]ederal law, as determined by the Supreme Court [under section] 2254(d)(1)."); *Parker v. Matthews*, 567 U.S. 37, 48 (2012) (per curiam) ("The Sixth Circuit also erred by consulting its own precedents, rather than those of [the Supreme] Court, in assessing the reasonableness of the Kentucky Supreme Court's decision."). A state court decision is "contrary to," or an "unreasonable application of," clearly established law if the decision (1) is contrary to Supreme Court precedent on a question of law; (2) arrives at a conclusion different than that reached by the Supreme Court on "materially indistinguishable" facts; or (3) identifies the correct governing legal rule but unreasonably applies it to the facts of the petitioner's case. *Williams*, 529 U.S. at 412–13. In order to establish that a state court decision is an unreasonable application of federal law, the state court decision must be "more than incorrect or erroneous." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). The decision must be "objectively unreasonable." *Id.*

A court may also grant habeas relief if the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). "[S]tate-court factual determinations [are not] unreasonable 'merely because [a federal post-conviction court] would have reached a

7

different conclusion in the first instance.'" *Brumfield v. Cain*, 576 U.S. 305, 313–14 (2015) (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)). Rather, factual determinations made by the state court are "presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Even if "'[r]easonable minds reviewing the record might disagree' about the finding in question, 'on habeas review[,] that does not suffice to'" overturn a state court factual determination. *Wood*, 558 U.S. at 301 (quoting *Rice v. Collins*, 546 U.S. 333, 341–42 (2006)). A court may overturn a state court's factual determination only if the record cannot "plausibly be viewed" as consistent with the state court's fact-finding or if "a reasonable factfinder must conclude" that the state court's decision was inconsistent with the record evidence. *Rice*, 546 U.S. at 340–41.

### b. Non-disclosure of witness statement

Petitioner's first claim is that prosecutors violated *Brady v. Maryland*, 373 U.S. 83 (1967), and *People v. Rosario*, 9 N.Y.2d 286 (1961), due to the late disclosure of the eyewitness' written statement. (Am. Pet. 6.) Because Petitioner failed to properly present this claim to the state courts and no longer has any available opportunity to do so, this claim is exhausted, but procedurally defaulted.

Generally, a state prisoner may not obtain federal habeas relief unless that prisoner has exhausted the available remedies in state court. *See* 28 U.S.C. § 2254(b)(1). However, where a state prisoner "has no further state avenues in which to press [an] issue because" the prisoner improperly failed to bring the claim in a particular proceeding and the opportunity for the prisoner to do so has passed, courts will consider the claim "exhausted but procedurally defaulted." *Jackson v. Conway*, 763 F.3d 115, 143–44 (2d Cir. 2014) (citing *Sweet v. Bennett*, 353 F.3d 135, 140 (2d Cir. 2003)). The most common circumstance involves the failure to bring

8

a claim that could have been brought on direct appeal: such a claim "is now exhausted because state remedies are no longer available" as a consequence of the petitioner having "already taken his one direct appeal," but the claim is "not '*properly* exhausted'" because the claim was not "fairly present[ed] . . . to the state courts" on direct appeal, causing the claim to become "procedurally barred from consideration in a collateral attack." *Jimenez v. Walker*, 458 F.3d 130, 149 (2d Cir. 2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)). Under New York law, a claim must be brought, if at all, on direct appeal if "sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion." N.Y. Crim. Proc. L. § 440.10(2)(c).

Petitioner's *Brady* claim is exhausted but procedurally defaulted because Petitioner could have raised it on direct appeal but did not do so. (Pet'r's App. Div. Br.) First, Petitioner could have brought this claim on direct appeal because the facts supporting the claim were present on the face of the record. In fact, the record discloses that Petitioner's trial counsel himself made the same *Brady* argument to the Trial Court that Petitioner raises in his petition. (Tr. 786:19–89:18.)

Second, Petitioner did not make a *Brady* claim to the Appellate Division; he made only *Rosario* claims. The word *Brady* does not appear anywhere in the argument section of Petitioner's brief to the Appellate Division. (Pet'r's App. Div. Br. 27–35.) Petitioner's brief to the Court of Appeals likewise did not mention *Brady*; it focused solely on *Rosario* — that is, state law[7] — issues:

---

[7] *See Sims v. Artus*, No. 17-CV-6187, 2019 WL 3718024, at *8 (E.D.N.Y. Aug. 7, 2019) ("Under New York state law, *Rosario* material refers to the statements of testifying witnesses that must be disclosed to the defense prior to opening statements."). *Rosario* claims are

> By granting leave, this [c]ourt will have the opportunity to address whether a defendant who makes several requests for a mistrial as a remedy for a *Rosario* violation, including citing as analogous several cases in which a mistrial without prejudice was granted for a *Rosario* violation, but never states that he reserves the right to have his case determined by the jury in the event that the court denies his motion, waives his claim on appeal regarding a mistrial without prejudice because, at times, he further asserted below that the mistrial should be with prejudice.

(Pet'r's Ct. App. Br. 2, annexed to Aff. in Opp'n to Pet. as Ex. E, Docket Entry No. 39-8). Petitioner's Court of Appeals brief drew attention to Petitioner's arguments before the Trial Court about "the [District Attorney's] failure to provide *Rosario* material," and defense counsel's request "for a mistrial, with prejudice, for the *Rosario* violation." (*Id.* at 3.) The brief before the Court of Appeals also repeatedly noted how trial counsel's argument below referenced "several appellate cases in which the courts reversed the defendants' convictions and ordered new trials as a result of *Rosario* violations." (*Id.* at 6; *see also id.* at 4.)

Petitioner failed to bring a *Brady* claim on direct appeal, even though he could have done so. New York law forbids him from raising the claim in a postconviction proceeding. *See, e.g.*, *People v. McKenzie*, 57 N.Y.S.3d 208, 209 (App. Div. 2017) ("The defendant's contention could have been raised on direct appeal from the judgment, and, accordingly, the [postconviction] court was required to deny the motion." (citing N.Y. Crim. Proc. L. § 440.10(2)(c))). Accordingly, Petitioner has exhausted his state remedies but procedurally defaulted his *Brady* claim.

### c. Ineffective assistance of counsel

Petitioner's second claim concerns the ineffective assistance of both his trial counsel and his appellate counsel. Petitioner alleges his trial counsel provided ineffective assistance by moving for a mistrial with prejudice rather than a mistrial without prejudice. (Am. Pet. 5–7.)

---

grounded in state law and are therefore not cognizable on federal habeas review. *See, e.g.*, *Madison v. Colvin*, No. 17-CV-7250, 2019 WL 3321748, at *9 (E.D.N.Y. July 24, 2019).

Petitioner alleges his appellate counsel provided ineffective assistance by failing to make the preceding argument about the ineffectiveness of his trial counsel. (*Id.* at 6.) Petitioner's claims for ineffective assistance of counsel are procedurally barred.

"[A] federal court may not review federal claims that were procedurally defaulted in state court — that is, claims that the state court denied based on an adequate and independent state procedural rule." *Davila v. Davis*, 582 U.S. ---, ---, 137 S. Ct. 2058, 2064 (2017) (citing *Beard v. Kindler*, 558 U.S. 53, 55 (2009)). "'To qualify as an adequate procedural ground,' capable of barring federal habeas review, 'a state rule must be firmly established and regularly followed.'" *Johnson v. Lee*, 578 U.S. ---, ---, 136 S. Ct. 1802, 1803 (2016) (per curiam) (quoting *Walker v. Martin*, 562 U.S. 307, 316 (2011)). The Second Circuit has held that N.Y. Crim Proc. L. § 440.10(3)(c) — which allows a state court to deny a claim in a post-conviction motion if the movant could have, but failed to, raise the same claim in an earlier Article 440 motion — "constitutes an adequate state procedural bar to federal habeas review." *Murden v. Artuz*, 497 F.3d 178, 192 (2d Cir. 2007); *see also Gousse v. Superintendent, Wende Corr. Facility*, 2020 WL 4369643, at *15 (E.D.N.Y. July 29, 2020) (rejecting a claim as procedurally defaulted where the state court denied the claim on account of section 440.10(3)(c)). The Second Circuit has likewise held that N.Y. Crim Proc. L. § 440.10(2)(c) — which requires a state court to deny a claim in a post-conviction motion if the movant should have raised, but unjustifiably failed to raise, that claim on direct appeal — also constitutes a state procedural bar sufficiently independent and adequate to bar federal habeas review. *See Jackson*, 763 F.3d at 143–44 (rejecting a claim as procedurally defaulted where the state court denied the claim on account of section 440.10(2)(c)); *Clark v. Perez*, 510 F.3d 382, 393 (2d Cir. 2008) ("We conclude that the district court erred in holding that the state court's application of section 440.10(2)(c) did not

11

constitute an adequate state procedural bar to [the petitioner's] federal habeas petition.").

Petitioner's claims alleging the ineffective assistance of trial and appellate counsel are procedurally barred.[8] In its decision on Petitioner's motion under Article 440, the Trial Court held that Petitioner was not entitled to relief because he "could have, and should have, raised all issues argued in the moving papers in his direct appeal, and the issues may not be addressed in a motion to vacate the judgment" under Article 440. (Decision & Order dated Dec. 3, 2018, at 2.) The Trial Court cited N.Y. Crim Proc. L. §§ 440.10(2)(c) and (3)(c). (*Id.*) Because independent and adequate state procedural rules barred Petitioner's request for relief in the state courts, this Court may not grant federal habeas relief.

### d. Inappropriate *Anders* brief

Petitioner's final argument is that his appellate counsel inappropriately filed the functional equivalent of an *Anders* brief. (Am. Pet. 7); *see Anders v. California*, 386 U.S. 738, 744 (1967). Because Petitioner's appellate counsel filed a competent, albeit unsuccessful, brief before the Appellate Division, the Court rejects this claim.

An *Anders* brief is submitted by a criminal defendant's appointed counsel to the appellate court when counsel believes that there are no nonfrivolous grounds upon which an appeal can be made. *See Anders v. California,* 386 U.S. 738, 744 (1967). Counsel must make "a conscientious examination of" the defendant's case, provide "a brief referring to anything in the record that might arguably support the appeal," and seek permission to withdraw as counsel. *Id.*; *see also United States v. Vasquez*, 672 F. App'x 56, 61 (2d Cir. 2016) ("Assessing the potential merit of

---

[8] Respondent argues that Petitioner has failed to exhaust these claims because he failed to appeal the denial of this motion. Petitioner contends that prison officials prevented him from filing the necessary documents to perfect an appeal. (Pet'r's Letter dated Jan. 9, 2019, at 2; Pet'r's Letter dated Jan. 29, 2019, at 1–2.) Rather than decide this fact-dependent question, the Court chooses to address the claim as though it were exhausted. *See* 28 U.S.C. § 2254(b)(2).

an appeal is the role of counsel, and this court ordinarily will not "independently determine the merits of an appeal[] absent a properly prepared *Anders* brief." (alteration in original) (quoting *United States v. Burnett*, 989 F.2d 100, 104 (2d Cir. 1993))). The procedures adopted by New York State courts closely parallel and are modeled on the procedures set forth by the Supreme Court in *Anders*. *People v. Stokes,* 95 N.Y.2d 633, 637 (2001) ("'If counsel determines, after making a diligent and conscientious examination of the record, that the appeal is frivolous' he or she may apply for relief from the assignment and '[s]uch application must be accompanied by a brief reciting the underlying facts and raising all points which may arguably provide a basis for appeal, with references to the record and citation of applicable legal authorities.'" (alteration in original) (quoting *People v. Crawford*, 421 N.Y.S.2d 485, 485 (App. Div. 2016))).

  Petitioner's appellate brief is not an *Anders* brief. The brief — a respectable thirty-five pages — began with a detailed recitation of the evidence adduced at trial, complete with citations to the record. (Pet'r's App. Div. Br. 1–35.) The brief's treatment of the trial proceedings carefully discussed the materials in the record covering prosecutors' and defense counsel's arguments concerning the late disclosure of *Rosario* material — arguments which became the basis of Petitioner's claim before the Appellate Division. (*Id.* at 22–26.) Although that claim was ultimately unsuccessful, Petitioner's appellate counsel provided a thorough and complete discussion of the law governing the available sanctions for *Rosario* violations, especially mistrials, including citations to a dozen authorities. (*Id.* at 29, 32–33.) The brief carefully applied that law to the facts of Petitioner's case, repeatedly drawing attention to the similarities between the late disclosure at Petitioner's trial to the facts of the cited decisions in which other New York courts chose to order new trials. (*Id.* at 27–34.) In an effort to preempt a potential

13

argument from prosecutors, the brief even contained a substantial argument that the claim was, in fact, preserved for appellate review. (*Id.* at 34–35 & n.8.)

Even Petitioner himself acknowledged the quality of his appellate counsel's brief before the Appellate Division. In a letter to his appellate counsel, Petitioner wrote that "[the] brief that you did for me was very good." (Letter from Pet'r to App. Counsel dated July 2015, at 142, annexed to Aff. in Opp'n to Pet. as Ex. C, Docket Entry No. 39-8.) Accordingly, the Court rejects Petitioner's claim that appellate counsel inappropriately filed an *Anders* brief.

### III. Certificate of appealability

Having denied the petition for a writ of habeas corpus, the Court grants a certificate of appealability for Petitioner's *Brady* claim. However, the Court denies a certificate of appealability for Petitioner's *Rosario* claim, his claims of ineffective assistance of trial and appellate counsel, and his claim that his appellate counsel inappropriately filed an *Anders* brief.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) Gov'g Sec. 2254 Cases in the U.S. Dist. Cts. This Court must issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means that a habeas petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

"This threshold question should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck v. Davis*, 580 U.S. ---, ---, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). "Obtaining a certificate of

14

appealability 'does not require a showing that the appeal will succeed,' and "[courts] should not decline the application . . . merely because [they] believe[] the applicant will not demonstrate an entitlement to relief." *Welch v. United States*, 578 U.S. ---, ---, 136 S. Ct. 1257, 1263–64 (2016) (quoting *Miller-El*, 537 U.S. at 337). In fact, a certificate of appealability may issue even if "every jurist of reason might agree, after the [certificate of appealability] has been granted and the case has received full consideration, that petitioner will not prevail." *Buck*, 137 S. Ct. at 774 (quoting *Miller-El*, 537 U.S. at 338).

The Court grants a certificate of appealability for Petitioner's *Brady* claim. Although it the Court finds that Petitioner failed to raise his *Brady* claim before the Appellate Division and the Court of Appeals, reasonable jurists could debate the issue. Petitioner's trial counsel did raise the *Brady* issue before the Trial Court, and Petitioner's brief before the Appellate Division references this argument in its discussion of the trial record. (Pet'r's App. Div. Br. 27–35.) Although that brief does not mention *Brady* in the argument section, the brief does make a passing reference to "due process" and the Fourteenth Amendment. (*Id.* at 27.) Although the Court doubts that any reasonable jurist would find that that Petitioner had raised the *Brady* issue on direct appeal — especially considering Petitioner's clarification in his brief before the Court of Appeals that his arguments concerned a *Rosario* violation — the issue is at least debatable. The Court must therefore issue a certificate of appealability.

However, the Court denies a certificate of appealability for Petitioner's claims of ineffective assistance of trial and appellate counsel. The Trial Court stated that it rested its decision denying these claims on two state procedural grounds. (Decision & Order dated Dec. 3, 2018, at 2.) Second Circuit precedent clearly establishes that these two provisions of state law constitute sufficiently independent and adequate state procedural grounds so as to bar federal

15

habeas review. No reasonable jurist could debate these conclusions.

Likewise, Court denies a certificate of appealability for Petitioner's claim that his appellate counsel inappropriately filed an *Anders* brief. Even a cursory review of Petitioner's brief before the Appellate Division reveals that it fails to fit the mold of an *Anders* brief. Instead, the brief competently and adequately argues a nonfrivolous legal issue which, if successful, would have entitled Petitioner to relief from the Appellate Division. Reasonable jurists would not debate this claim.

Finally, the Court denies a certificate of appealability concerning Petitioner's *Rosario* claim. No reasonable jurist would debate whether this Court may grant federal habeas relief on the basis of this state law claim, making a certificate of appealability inappropriate.

**IV.     Conclusion**

For the foregoing reasons, the Court denies the petition for a writ of habeas corpus. In light of this disposition, no evidentiary hearing is necessary and the Court ratifies its order of November 2, 2020, denying Petitioner's motion for an evidentiary hearing. (Order dated Nov. 2, 2020, at 2.) The Court issues a certificate of appealability for Petitioner's *Brady* claim, but denies a certificate of appealability for all other claims. The Clerk of Court is directed to mail a copy of this Memorandum and Order to Petitioner, enter judgment, and close this case.

Dated: December 23, 2020
      Brooklyn, New York

                                         SO ORDERED:

                                            s/ MKB
                                         MARGO K. BRODIE
                                         United States District Judge